## Hastings Industrial Company v. Jones, et al.

(Decided January 13, 1916.)

### Appeal from Whitley Circuit Court.

1. Parties—Joinder—Section 26, Civil Code.—Under section 26 of the Civil Code, providing that persons severally liable upon the same contract may be included in the same action at the plaintiff's option, several signers of the same contract for the payment by each of $100.00 may be jointly sued.

2. Appeal and Error—Jurisdiction—Amount in Controversy.—Where several are jointly suable on the same contract for separate amounts and the petition is dismissed as to all, the aggregate claim against all determines the jurisdiction of this court; but, where the petition is dismissed as to some of the defendants, the question of jurisdiction is determined by the aggregate claimed of them.

BRYANT & LAWSON for appellant.

ROSE & POPE and STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

During the year 1912, the Hastings Industrial Company, an Illinois corporation, entered into a contract with certain citizens of Williamsburg for the erection and equipment of a canning factory at the price of $6,300.00. Each of the citizens who signed the contract was known as a subscriber and thereby agreed to pay

to the Hastings Industrial Company the sum of $100.00 until the purchase price of $6,300.00 was paid. The subscribers also agreed that they would form a corporation for the purpose of operating the factory, and it was understood that the balance of the subscribers, after the payment of the $6,300.00, was to be used in operating the factory. Subscriptions to the amount of $8,300.00 were secured. The factory was built and equipped. With the exception of $1,185.00, the contract price of $6,300.00 was paid. After the completion and equipment of the factory the subscribers operated it until they organized a corporation, which, from that time on, assumed the management and control of the factory. Several of the subscribers refused to pay any part of their subscriptions, while others paid only a portion thereof. This action was brought by plaintiff, the Hasting Industrial Company, against the delinquent subscribers, A. N. Jones and others, to recover on their subscriptions. It appears from the petition that the defendants, A. N. Jones and W. M. Rose owe a balance of $50.00 each; that W. M. Croley owes a balance of $85.00; and that the other defendants, ten in number, owe a balance of $100.00 each.

The defendants, claiming that there was a misjoinder of parties, moved the court to require plaintiff to elect which one of the defendants it would proceed against. Over the objection of plaintiff this motion was sustained, and it elected to proceed against the defendant, A. N. Jones. Thereupon judgment was rendered dismissing the petition without prejudice as to the other defendants. From the judgment so rendered this appeal is prosecuted.

Appellees have moved to dismiss the appeal on the ground that the amount sought to be recovered of each of them is $100.00 or less, and, therefore, not sufficient to confer jurisdiction on this court.

On the other hand, appellant contends that both the question of joinder and the question of jurisdiction are controlled by section 26 of the Civil Code, which is as follows:

"Persons severally liable upon the same contract, and parties to bills of exchange, to promissory notes placed upon the footings of bills of exchange, or to common order and checks, and sureties on the same or separate instruments, may all or any of them, or the representa-

tives of such as may have died, be included in the same action at the plaintiff's option.''

Manifestly, if the questions in controversy are controlled by the above section of the Code, then cases not arising under that section are not decisive of the questions.

Both questions were before the court in the case of Wilde & Co. v. Haycraft, etc., 2 Duvall, 309. There the parties sued had signed the following agreement:

''The undersigned agree to become bound to James Wilde, Jr., & Co., of New York City, as the securities of Showers & Moore, of Elizabethtown, Kentucky, each for the sum of one hundred dollars for any goods they may buy of said Wilde & Co.—the goods to be paid for at such time as may be agreed upon by said Wilde & Co. and said Showers & Moore, and each of us to be bound for one hundred dollars and no more—it being the true intent and meaning that each incurs for himself a separate liability for one hundred dollars. April 13, 1860.''

The circuit court held that a joint suit could not be maintained, and that the admitted payments reduced the several liabilities of each guarantor below $50.00, the circuit court had no jurisdiction. After setting out section 38, chapter 1, title 3 of the Civil Code, the language of which is identical with the language of section 26, *supra,* the court said:

''In this case there is but one contract and it is the same contract between the same parties, but several as to its obligation. And neither the language nor the presumed object of the quoted section of the code can be constructively restricted to a several contract binding each separate obligor for the whole amount of their aggregate liabilities. The letter of the section certainly authorizes no such restriction—and the policy of avoiding a vexatious multiplicity of actions for a breach of the same contract (in this case twenty-seven actions) would apply equally to every contract made at one and the same time by the same parties severally liable upon it.

''The joint action as chosen is, therefore, in our opinion, a proper legal remedy.

''As for the purpose of a joint action, a several is treated as a joint contract, we presume that it was intended to be so considered for the purpose also of jurisdiction; and, consequently, the whole amount claimed

in the action, however distributable, should determine the question of jurisdiction. And, therefore, as the whole amount sued for in this case exceeded $100.00, the circuit court had jurisdiction.''

In the case before us all the appellees signed the same contract, but the liability of each was restricted to $100.00. It is clear, therefore, that the case falls under section 26 of the Civil Code, which expressly authorizes persons severally liable upon the same contract to be included in the same action at the plaintiff's option. Following the reasoning of the above case, we conclude that in such an action all the signers of the contract may be joined, and that where the petition is dismissed as to all of them the aggregate claimed against all determines the question of jurisdiction; but, if the petition be dismissed as to some of the defendants, the question of jurisdiction is determined by the aggregate claimed of them. As the aggregate amount claimed of appellees is far in excess of the sum necessary to confer jurisdiction on this court it follows that the motion to dismiss the appeal should be overruled. It also follows that the trial court erred in requiring plaintiff to elect and in dismissing the action as to appellees.

Judgment reversed and cause remanded for proceedings consistent with this opinion.