# Mitchell-Willis Coal Company v. Wheeler et al.

(Decided April 30, 1929.)

SAUFLEY & WARD for appellant.

P. T. WHEELER, W. A. STANFILL and JESSE MORGAN for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On April 26, 1908, a number of parties owning certain real estate in Perry county executed a lease to Ira Baker, trustee, for a term of 20 years, and until all of the workable and merchantable coal was removed from the land covered by the lease. On July 3, 1918, Baker, as trustee, assigned the lease to the Hazard Junior Coal Company, which company assigned it to the Reliance Coal & Coke Company, which company assigned it to the appellant, Mitchell-Willis Coal Company.

The lease provided for the payment to the lessors of a royalty of 12 cents a ton, and that the lessors should be paid, within 60 days after the execution of the lease, the sum of $2,150 advance royalty, which sum was to be deducted from the royalties accruing when operations should commence. There was a provision that, after the expiration of the first year, a minimum royalty of $1,200 annually should be paid to the lessors.

W. H. Miller and P. T. Wheeler had a one-third interest in the lease because of an indebtedness which the

other lessors owed them. They joined as lessors. There is a provision in the lease whereby certain of the lessors warrant the title in and to two-thirds of the property covered by the lease, and agree to refund to the second party, or his assigns, any amount of royalties that may have been paid upon any part of the tract of land covered by the lease which should thereafter become lost to the second party or his assigns by reason of the failure of title to the part so lost. In the same clause of the lease there is this provision as to W. H. Miller and P. T. Wheeler:

"And likewise the said W. H. Miller and P. T. Wheeler agree and warrant the title to one-third of the coal mined on said property, or that shall be mined and removed, and the royalty thereon paid to them by the party of the second part or his assigns, and agrees to refund all rents, royalties so paid to them by reason of the failure of title to any part of said property and only warrant the said title to that extent."

The language of the provision relating to the warranty is awkward, but, taking the whole paragraph, it appears that the lessors, including Miller and Wheeler, warrant the title to the property, but Miller and Wheeler warranted only one-third of the title, and agreed to return one-third of the rents and royalties. The extent of their liability for a failure to title by this provision was to go no further than one-third of the whole.

The appellant held the leasehold for a number of years without operating on the land, but paid minimum royalties and made some advancements. The Liberty Coal Company made claim to the entire tract of land, and the Mitchell-Willis Coal Company instituted suit against the Liberty Coal Company, and the lower court adjudged the Liberty Coal Company to be the owner of the land, and, upon appeal to this court, the judgment of the lower court was affirmed. Mitchell Willis Coal Co. v. Liberty Coal Co., 220 Ky. 661, 295 S. W. 987.

Appellant instituted suit against Miller and Wheeler substantially alleging the facts above set out. There is an allegation in the petition that, at the time of the execution of the lease, Miller and Wheeler were partners engaged in the general practice of law at Hazard, Ky., and that they acquired their interest in and to the tract of

land by virture of their partnership, and received the money by way of advance royalties and rents as partners by reason of their joint partnership interest of an undivided one-third interest in the property. It was alleged that the title to the entire property failed, and appellant was adjudged to have no interest therein; that, after the date of the execution of the lease, and pursuant to its terms, appellants advanced Miller and Wheeler, as payments of minimum royalty, up to and including the 30th day of July, 1924, a total of $5,634.16, and that they were indebted to it in that sum by reason of the provisions of the lease and the failure of the title.

Miller and Wheeler moved for an itemized statement of the amounts of money claimed to have been paid to them. The appellant filed an amended petition correcting the amount for which it had sued, and alleged that the true amount which had been paid to Miller and Wheeler was $4,916.59, and it also filed an itemized statement showing the date and amount of each payment. Miller and Wheeler then filed a joint motion to require appellant to elect which of three alleged causes of action it would prosecute—whether on the separate account filed against Miller, the separate account filed against Wheeler or the alleged partnership account of Miller and Wheeler. Another motion was entered by Wheeler asking the court to strike his name from the petition, because he was not properly joined with Miller, and that Miller was not properly joined with him. The trial court was of the opinion that the action could not be jointly maintained against Miller and Wheeler, and required appellant to elect, but, before sustaining the motion, the appellant had filed another amended petition again correcting the amount sought against Miller and Wheeler, and stating that it was $4,583.79. It filed an itemized statement showing that it had advanced Miller and Wheeler jointly this sum.

Pursuant to the order of the court requiring the appellant to elect, it filed an amended petition, and elected to prosecute its suit against Wheeler, and alleged that he was owing one-half of the amount shown to be due by the last itemized statement, or $2,291.64. A demurrer was filed by Wheeler to this amended petition, which was sustained by the court. The appellant again amended its petition against Wheeler, and elaborately set out its cause of action. In addition to the allegations found in

the original and prior amended petitions, there is an allegation that Wheeler entered into a contract with the Hazard Junior Coal Company on April 30, 1918, by the terms of which contract he accepted an advancement from that company of $1,000 on royalties. In this contract Wheeler agreed unconditionally to refund this sum to that company, if the coal should be lost by reason of any litigation against it, or against the first parties in the lease. On the same day Miller entered into a like contract with the same company, and a like amount was advanced him; it is alleged that on the 26th day of June, 1918, that company advanced to Miller and Wheeler $1,-500 upon their agreement that they would refund that sum, if the coal should be lost. It is alleged that on the 19th day of December, 1919, the Hazard Junior Coal Company by proper assignment transferred all of its rights, titles, and interest in and to the lease to the Reliance Coal & Coke Company, and that, on the 4th day of January, 1920, the latter company, by proper assignment, transferred and conveyed to appellant all its rights, titles, and interest in and to the lease which had been executed to Baker, trustee. It is further alleged that the appellant thereafter purchased from the Hazard Junior Coal Company all of its assets of every kind, and also purchased all of the stock of that company, which stock was transferred and delivered to it; that, in addition to the $1,000 which was advanced to Wheeler by the Hazard Junior Coal Company, appellant thereafter paid him on account of royalties $1,291.64; that, by reason of the provisions of the original lease. Wheeler had received $2,291.64; and that he was therefore bound to refund to it that sum with interest.

A demurrer was sustained to the last amended petition against Wheeler, and, the appellant declining to plead further, his petition was dismissed.

The sole question before us is whether the petition stated a cause of action. The petition substantially alleged that Wheeler received the sum claimed, by reason of the provisions in the lease, and that he agreed to refund, if the title to the lease should fail. It is alleged that the title to the lease did fail. If this allegation is true, Wheeler was responsible for the amount of money which he had received. The lease contract originally executed runs to the lessee and his assigns. In addition, it is alleged that the assets of the Hazard Junior Coal

Company had been assigned to appellant. The promise of Wheeler to refund the money advanced to him by the Hazard Junior Coal Company was a part of its assets, and, if the facts alleged in the petition are true, appellant is entitled to recover the amount advanced to Wheeler by that company.

In our opinion, the court erred in requiring appellant to elect, as under the provisions of section 26, Civil Code, the suit on the failure of title may have been maintained against both of them. They jointly warranted the title to one-third of the property. Under the authority of Hastings Industrial Co. v. Jones, 167 Ky. 714, 181 S. W. 364, construing section 26 of the Civil Code, it is clearly our opinion that the action may have been maintained against Wheeler and Miller jointly.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.